UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Genetic Technologies Limited,
an Australian corporation,

    Plaintiff,

v.                                                                                    Case No. 12-14080

Genesis Genetics Institute, L.L.C.,                        Honorable Sean F. Cox
a Michigan limited liability company,
et al.,

    Defendants.
_____/

## ORDER DENYING DEFENDANT DICKSON'S MOTION TO DISMISS

    In this patent case, the Plaintiff Genetic Technologies Limited ("Plaintiff") asserts patent infringement claims against both a corporate entity and an individual defendant, Stanley Dickson, Jr. ("Dickson"). The matter is currently before the Court on Defendant Dickson's Motion to Dismiss, brought pursuant to Fed. R. Civ. P. 12(b)(6). The parties have briefed the issues and the Court finds that oral argument would not aid the decisional process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. This Court shall decide the motion without oral argument.

    Defendant Dickson's Motion to Dismiss asserts that Plaintiff's claims against him should be dismissed, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, for two reasons. First, Dickson asserts that Plaintiff's Amended Complaint fails to state a claim against Dickson because it includes insufficient factual allegations to support corporate veil piercing. Second, Dickson asserts that Plaintiff's Amended Complaint should be dismissed because it contains

1

insufficient factual allegations to make it plausible that Dickson induced infringement of Plaintiff's patent.

With respect to Dickson's first ground for relief, this Court concludes that regardless of whether Michigan law or the law of the Federal Circuit applies, Plaintiff has alleged sufficient facts as to veil piercing to survive a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). *See Manville Sales Corp. v. Paramount Sys.,* Inc. 917 F.2d 544, 552 (Fed. Cir. 1990) ("a court may exert its equitable powers and disregard the corporate entity if it decides that piercing the veil will prevent fraud, illegality, injustice, a contravention of public policy, or prevent the corporation from shielding someone from criminal liability."); *Minnesota Mining & Mfg. Co. v. Eco Chem, Inc.*, 757 F.2d 1256, 1264 (Fed. Cir. 1985) ("One of the 'other factors' to which courts have looked when 'piercing the corporate veil' is whether insistence on the corporate form would enable the stockholder to avoid legal liability."); *Dutton Partners, LLC v. CMS Energy Corp.*, 290 Mich.App. 635, 643 (2010) (Under Michigan law, "[f]or the corporate veil to be pierced, the plaintiff must aver facts that show (1) that the corporate entity is a mere instrumentality of another entity or individual, (2) that the corporate entity was used to commit fraud *or a wrong*, and (3) that, as a result, the plaintiff suffered an unjust injury or loss."); *Grand Rapids Assocs. Ltd. P'ship v. Coop Properties, LLC,* 495 Fed. App'x 598, 601, 2012 WL 3553488 (6th Cir. 2012) (Contrary to the defendants' argument, "Michigan law does not require a showing of fraud or illegality before the corporate form will be disregarded" . . . Rather, the corporate veil may be pierced as long as, 'the injustice sought to be prevented [is] in some manner relate[d] to a misuse of the corporate form short of fraud or illegality.' *Soloman v. Western Hills Dev. Co.*, 110 Mich.App. 257, 312 N.W.2d 428, 432 (1981)).

As his second ground for relief, Defendant Dickson contends that the patent infringement claim asserted against him should be dismissed under *Twombly* because it contains insufficient factual allegations to make it plausible that Dickson induced infringement of Plaintiff's patent.

Having carefully reviewed Plaintiff's Amended Complaint, and having considered the parties' respective arguments, however, this Court concludes that Plaintiff's Amended Complaint complies with the applicable pleading requirements. *See In re Bill of Lading*, 681 F.3d 1323, 1334 (Fed. Cir. 2012); *K-Tech Telecomm., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277 (Fed. Cir. April 18, 2013). As the Federal Circuit has noted, while the applicable pleading requirements "serve as a bar against frivolous pleading, it is not an extraordinarily high one." *Id.* The applicable standard has been satisfied here. Defendant Dickson's arguments to the contrary seek to impose additional pleading requirements or raise issues more appropriately resolved at the summary judgment stage.

Accordingly, IT IS ORDERED that Defendant Dickson's Motion to Dismiss is DENIED.

IT IS SO ORDERED.

                                                        S/Sean F. Cox
                                                        Sean F. Cox
                                                        United States District Judge

Dated: July 30, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 30, 2013, by electronic and/or ordinary mail.

                                                        S/Jennifer McCoy
                                                        Case Manager