UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Genetic Technologies Limited,
an Australian corporation,

       Plaintiff,

v.                                      Case No. 12-14080

Genesis Genetics Institute, L.L.C.,          Honorable Sean F. Cox
a Michigan limited liability company,
et al.,

       Defendants.

_____/

**ORDER DENYING
DEFENDANT DICKSON'S MOTION TO DISMISS**

      In this patent case, the Plaintiff Genetic Technologies Limited ("Plaintiff") asserts patent

infringement claims against both a corporate entity and an individual defendant, Stanley

Dickson, Jr. ("Dickson").  The matter is currently before the Court on Defendant Dickson's

Motion to Dismiss, brought pursuant to Fed. R. Civ. P. 12(b)(6).  The parties have briefed the

issues and the Court finds that oral argument would not aid the decisional process.  *See* Local

Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan.  This Court shall decide the

motion without oral argument.

      Defendant Dickson's Motion to Dismiss asserts that Plaintiff's claims against him should

be dismissed, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, for two reasons.

First, Dickson asserts that Plaintiff's Amended Complaint fails to state a claim against Dickson

because it includes insufficient factual allegations to support corporate veil piercing.  Second,

Dickson asserts that Plaintiff's Amended Complaint should be dismissed because it contains

1

insufficient factual allegations to make it plausible that Dickson induced infringement of

Plaintiff's patent.

With respect to Dickson's first ground for relief, this Court concludes that regardless of

whether Michigan law or the law of the Federal Circuit applies, Plaintiff has alleged sufficient

facts as to veil piercing to survive a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6).  *See*

*Manville Sales Corp. v. Paramount Sys.,* Inc. 917 F.2d 544, 552 (Fed. Cir. 1990) ("a court may

exert its equitable powers and disregard the corporate entity if it decides that piercing the veil

will prevent fraud, illegality, injustice, a contravention of public policy, or  prevent the

corporation from shielding someone from criminal liability."); *Minnesota Mining & Mfg. Co. v.*

*Eco Chem, Inc*., 757 F.2d 1256, 1264 (Fed. Cir. 1985) ("One of the 'other factors' to which

courts have looked when 'piercing the corporate veil' is whether insistence on the corporate form

would enable the stockholder to avoid legal liability."); *Dutton Partners, LLC v. CMS Energy*

*Corp*., 290 Mich.App. 635, 643 (2010) (Under Michigan law, "[f]or the corporate veil to be

pierced, the plaintiff must aver facts that show (1) that the corporate entity is a mere

instrumentality of another entity or individual, (2) that the corporate entity was used to commit

fraud *or a wrong*, and (3) that, as a result, the plaintiff suffered an unjust injury or loss."); *Grand*

*Rapids Assocs. Ltd. P'ship v. Coop Properties, LLC,* 495 Fed. App'x 598, 601, 2012 WL

3553488 (6th Cir. 2012) (Contrary to the defendants' argument, "Michigan law does not require

a showing of fraud or illegality before the corporate form will be disregarded" . . . Rather, the

corporate veil may be pierced as long as, 'the injustice sought to be prevented [is] in some

manner relate[d] to a misuse of the corporate form short of fraud or illegality.'  *Soloman v.*

*Western Hills Dev. Co.*, 110 Mich.App. 257, 312 N.W.2d 428, 432 (1981)).

As his second ground for relief, Defendant Dickson contends that the patent infringement claim asserted against him should be dismissed under *Twombly* because it contains insufficient factual allegations to make it plausible that Dickson induced infringement of Plaintiff's patent.

Having carefully reviewed Plaintiff's Amended Complaint, and having considered the parties' respective arguments, however, this Court concludes that Plaintiff's Amended Complaint complies with the applicable pleading requirements. *See In re Bill of Lading*, 681 F.3d 1323, 1334 (Fed. Cir. 2012); *K-Tech Telecomm., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277 (Fed. Cir. April 18, 2013). As the Federal Circuit has noted, while the applicable pleading requirements "serve as a bar against frivolous pleading, it is not an extraordinarily high one." *Id.* The applicable standard has been satisfied here. Defendant Dickson's arguments to the contrary seek to impose additional pleading requirements or raise issues more appropriately resolved at the summary judgment stage.

Accordingly, IT IS ORDERED that Defendant Dickson's Motion to Dismiss is DENIED.

IT IS SO ORDERED.


S/Sean F. Cox                                   
Sean F. Cox
United States District Judge

Dated:  July 30, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 30, 2013, by electronic and/or ordinary mail.


S/Jennifer McCoy                        
Case Manager

3